UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AMERICAN RELIABLE INSURANCE COMPANY,** | § § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03289 |
| **MICHAEL SCOTT WEISINGER,** *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff American Reliable Insurance Company's ("ARIC") Motion for Summary Judgment on the Duty to Defend. ECF No. 17. On May 3, 2023, ARIC filed its Complaint for Declaratory Relief against Defendant Michael Scott Weisinger, seeking declaratory judgment that it has no duty to defend or indemnify Weisinger in Cause No. 22-07-08680, *Glenn Eric Lilly v. Michael Scott Weisinger*, pending in the 284th Judicial District, Montgomery County, Texas. ECF No. 1.

### I.    FACTUAL BACKGROUND

This is an insurance coverage dispute arising out of an injury sustained by Defendant Glenn Lilly. In the live pleading in the underlying case, Lilly alleges that, on or about June 15, 2021, he was tedding hay with Mason Mathis, an employee of Weisinger's, on property owned by Weisinger, with a tractor owned by Weisinger, and under the direction and control of Weisinger. ECF No 17-1 at 94. Lilly alleges he had not been trained in how to properly clean the tedder. Despite this, he stepped off the tractor to clean the hay off the hay tedder. *Id.* While Lilly was physically in the tedder cleaning the hay, Mathis started the tractor. *Id.* The tractor's motor began

to turn the tedder, thus injuring Lilly. *Id.* Lilly states that he was engaged "almost exclusively in work at the person farm properties of Defendant Michael Scott Weisinger, working as a farm hand, and not in the water well drilling operations of Weisinger Incorporated." *Id.* at 97.

Lilly filed the underlying complaint against Weisinger in the 284th Judicial District on July 7, 2022. ARIC subsequently filed this action in federal court on September 26, 2022.

## II.     LEGAL STANDARDS

### A. Summary Judgment

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must "inform[] the Court of the basis of its motion," and identify the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must go beyond the pleadings and identify facts in the record which demonstrate the absence of a genuine issue for trial. *Id.* at 324.

### B. Eight Corners Rule

Texas uses the "eight-corners" rule to determine whether an insurer has a duty to defend its insured. "According to the eight-corners rule, the scope of an insurer's duty to defend is determined exclusively by the allegations in the pleadings and the language of the insurance policy." *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 682-83 (5th Cir. 2012). Courts may not "read facts into the pleadings, . . . look outside the pleadings, or imagine factual scenarios which might trigger coverage." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 142 (Tex. 1997).

The underlying pleadings are read liberally and any doubts about coverage must be resolved in favor of the insured – if even one claim in the underlying litigation potentially falls within the insurance policy's coverage, the insurer is required to provide a complete defense. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 552 (5th Cir. 2004); see *also Gore Design Completions Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008) ("When in doubt, defend."). This analysis does not consider the possible truth or falsity of the allegations in the underlying litigation. *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589 (5th Cir. 2011). Further, "[a]rtful pleading, absent evidence of collusion between the third-party claimant and the insured, does not create an exception to the general rule." *Liberty Surplus Ins. Corp. v. Allied Waste Sys.*, 758 F.Supp.2d 414, 420 (S. D. Tex. 2010) (citing *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 311 (Tex. 2006)).

The insured bears the initial burden to establish that a claim is potentially within the scope of the insurance coverage. *Evanston Ins. Co. v. Legacy of Life*, Inc., 645 F.3d 739, 745 (5th Cir. 2011). Once the insured carries that burden, the insurer then bears the burden of proving that one or more of the policy's exclusions apply. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004).

### III. DISCUSSION

#### A. Coverage Under ARIC's Policy

1. Whether Lilly Qualifies as a "Residence Employee"

The essential issue disputed by the parties, and relevant to ARIC's duty to defend and indemnify Weisinger in the underlying suit, is whether Lilly qualifies as a "residence employee." The provision at issue provides:

    a.  "Employers' Liability

    b. "Bodily injury" sustained by:

    (1) Any employee (other than a "residence employee") as a result of his or her employment by the insured";

App. 46. Lilly alleges that at the time of the incident, and for over a year prior, he was "engaged almost exclusively in work at the personal farm properties of Defendant Michael Scott Weisinger, working as a farm hand . . . ." ECF No. 17-1 at 98. Neither party disputes that Lilly was an employee of Weisinger nor that Lilly was a farm employee under the insurance policy. However, Defendant Weisinger argues that Lilly could have been both a "farm employee" and a "residence employee." ECF No. 18 at 8. A farm employee is defined by the policy as "any insured's employee whose duties are principally in connection with the maintenance or use of the "insured location" as a farm. These duties include the maintenance or use of the "insured's farm equipment." ECF No. 19 at 4. Meanwhile, a residence employee is "an 'insured's' employee whose duties are principally in connection with the maintenance or use of the 'residence premises,' including household or domestic services or who performs duties elsewhere of a similar nature not in connection with the 'business' of any 'insured.'" *Id.*

  ARIC rejects Weisinger's claim that he could have acted both as a farm employee and a resident employee under the policy. ECF No. 19 at 3. ARIC contends that a reading of the policy in its entirety reveals that an individual cannot be a "farm employee" and a "residence employee" at the same time. *Id.* This Court agrees. The policy explicitly separates the farm premises from the residence premises, describing the insured locations independently as farm premises and residence premises. ECF No. 17-1 at 56. As ARIC points out, there is little to support Weisinger's view that the policy would separate the living portion of the property from the farm operation portion of the property if the distinction of the two were immaterial.

Weisinger alleges that the Medical Payment Section of the policy demonstrates how a "farm employee" and a "residence employee" are not mutually exclusive. ECF No. 8 at 8. ARIC argues that this exact provision actually supports ARIC's interpretation of the policy. The Court agrees with ARIC. The Medical Payment Section includes the following provision:

> c. Farm Employees Or Others Maintaining The Farm
>
> "Any 'farm employee' or other person engaged in work usual or incidental to the maintenance or use of the 'insured location' as a farm. The only exceptions to this exclusion are in 'occurrences' of 'bodily injury' sustained by a 'residence employee' or by a person on the 'insured location' in a neighborly exchange of assistance for which the 'insured' is not obligated to pay any money . . . ."

ECF No. 17-1 at 50. Again, this provision not only expressly sets apart a "farm employee" from a "residence employee," but also excludes coverage for a "farm employee" while providing it for a "residence employee." The policy does not carve an exception for those who could be both, as Weisinger suggests, nor does it indicate that these are overlapping categories.

    2. *Whether the Monroe Exception Applies*

Defendant Weisinger has not pointed to a policy provision or a claim in the underlying suit that provides actual doubt about Defendant Lilly's employment as a farm employee or supports the assertion that an individual can be both a "farm employee" and "residence employee" under the terms of the Policy. To address this issue, Weisinger presents excerpts from the deposition of Beth Taylor taken in the underlying suit, alleging that the statements fill information gaps regarding the coverage. Weisinger recognizes that generally the live pleading and the terms of the insurance policy are used to determine the duty to defend. However, Weisinger alleges that the exception established in *Monroe v. BITCO General Ins. Corp.*, 640

S.W.3d 195 (Tex. 2022) applies.

The *Monroe* exception to the eight-corners rule allows the Court to consider extrinsic evidence to determine the duty to defend if the extrinsic evidence "(1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved." *Id.* at 202. Here, the Monroe exception is not applicable. Weisinger claims that the deposition testimony provides conclusive evidence that Lilly was injured at Weisinger's residence and insured location. However, as described above, the coverage determinable issue is whether Lilly was on the farm premises or the residence premises, not merely just on Weisinger's property. The deposition testimony merely provides an address for Weisinger's property – 11520 County Line Road, Willis, Texas 77378 – which does not conclusively establish where the incident occurred. Therefore, the extrinsic evidence does not conclusively establish the coverage fact to be proved. The *Monroe* exception does not apply, and the deposition testimony presented by Weisinger is excluded from evidence.

## IV.  CONCLUSION

Based on the foregoing, the Court finds that Plaintiff ARIC has no duty to defend Defendant Weisinger in the underlying lawsuit. Therefore, the Court **GRANTS** ARIC's Motion for Summary Judgment. ECF No. 17.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 11th of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE